IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARY ALLEN as ADMINISTRATRIX of the ESTATE OF KENNETH R. ALLEN and MARY ALLEN, **PLAINTIFFS,** | * * | CIVIL ACTION 3:12-CV-461-MEF-SRW |
| v. | * | FILE NO: |
| SANTANDER CONSUMER USA, INC., **DEFENDANT.** | * | DEMAND FOR JURY TRIAL |

## COMPLAINT

COME NOW the Plaintiffs, by and through counsel, in the above styled cause, and for Plaintiffs' Complaint against Santander Consumer USA, Inc. (hereinafter "Santander") state as follows:

1.

This action is brought against Santander Consumer USA, Inc. ("Santander") by Mary Allen individually and in her capacity as administratrix to the Estate of Kenneth R. Allen ("Plaintiffs" or "Allen") to seek redress for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protections Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and breach of contract as set forth herein. In addition, Plaintiffs also seek compensatory

and punitive damages for Defendant's violations of Alabama's common law as set forth herein.

## PARTIES

2.

Plaintiff Mary Allen is an adult resident citizen of Lee County, Alabama. Ms. Allen currently resides in Smiths Station in Lee County, Alabama. Plaintiffs are/were consumers as that term is defined in 15 U.S.C. § 1692a (3). Kenneth R. Allen is late of Lee County, AL.

3.

Santander is an Illinois corporation with its principal office located in Dallas, Texas. The registered agent for service of process in Alabama on Defendant Santander Consumer USA, Inc. is CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

4.

Santander has conducted business in Lee County in Alabama during the time period pertinent to the allegations in this complaint.

5.

Santander is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

## JURISDICTION AND VENUE

6.

This action is based in part on the FDCPA, 15 U.S.C. § 1692 *et seq.* and the TCPA, 47 U.S.C. § 227 *et seq.* Accordingly, federal questions jurisdiction exist pursuant to 28 U.S.C. §1331. Supplemental jurisdiction over the other claims exists under 28 U.S.C. §1367.

7.

Venue is proper under 28 U.S.C. §1391, since a substantial part of the events giving rise to the claims occurred within this judicial district and division and since the Defendant is subject to the personal jurisdiction of this Court.

8.

Defendant's wrongful activities were directed to this jurisdiction. Some of Plaintiffs' rights were damaged or impaired in this jurisdiction, and significant damages and losses were suffered in this jurisdiction.

## NATURE OF THE CASE

9.

Santander is one of the largest subprime automobile servicing companies in the world. As of 2010, its debt collection portfolio was approximately $15 billion. Although the debts it collects are in fact owned by others including Citi, HSBC and various trusts, it collects the debts in its own name without disclosing that it is not

the owner of the debt. Therefore, it functions as an undisclosed agent for the true owner.

10.

Defendant's routine business practices involve taking over the collection of debts previously collected by others and then: (a) engaging in unlawful harassment and unlawful collection methods, and (b) imposing improper fees never agreed to and not authorized by the contracts they are servicing. It is a very lucrative but unlawful business plan.

11.

Santander is so eager to harass, abuse, and annoy its customers that it's repeated and continuous calls each day are from multiple Santander telephone numbers without prior authorization.

12.

Defendant's routine business practices also include the use of prerecorded automatic telephone dialing systems and artificial or voice systems willfully and knowingly directed to cell phones without the express prior consent of the person being called. The persons called without express permission using automatic telephone dialing systems, artificial and prerecorded voice systems include not only the debtors but the friends, family and references of the debtors.

13.

Santander's business practices are so outrageous that it has a rare "F" rating with the Better Business Bureau in Dallas, its headquarters' city.

FACTS

14.

On or about March 2, 2007, Plaintiffs acquired a 2002 Lincoln Town car and entered into a retail installment sales contract with CitiFinancial.

15.

After a time, Plaintiffs were unable to make regular payments on the vehicle because Plaintiff Kenneth R. Allen contracted cancer and became progressively more ill and was disabled to work.

16.

There came a time when Plaintiffs then were no longer able to make any payments to CitiFinancial on the retail installment sales contract as Mary Allen became the full time caretaker of Kenneth Allen.

17.

Defendant then acquired the debt from CitiFinancial either by purchase, assignment, or some other conveyance mechanism after it was in default and commenced communicating with Plaintiffs.

18.

On or about October 6, 2010, the vehicle was repossessed from Plaintiffs and on October 7, 2010 Defendant sent Plaintiffs a notice informing Plaintiffs that it intended to dispose of the collateral and would seek a deficiency balance from Plaintiffs if they did not make good on the balance due.

19.

Plaintiff, Mary Allen and her now deceased husband were unable to do so; at some time soon thereafter, Santander began to call Plaintiffs' home.

20.

When Plaintiff, Mary Allen, wrote Santander and told Santander not to call as it was disturbing Mr. Allen who was very ill, Santander intensified the calls to the Allen's home phone and began calling Plaintiff Mary Allen's cell phone. This caused Plaintiffs to incur charges which Santander was unauthorized to cause Plaintiffs to incur.

21.

Santander refused to stop calling and in particular used illegal pre-recorded messages.

22.

Santander refused to stop calling and in particular to stop using auto dialers.

23.

Santander refused to stop calling and in particular to stop using predictive dialers.

24.

Santander illegally has repeatedly used an auto-dialer to call Plaintiffs' cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

25.

Santander illegally used a predictive dialer to call Plaintiffs' cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

26.

Santander illegally used pre-recorded calls to call Plaintiffs' cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

27.

Plaintiffs never gave Santander permission to call Plaintiffs' cell phone with an auto-dialer, or if she may be deemed to have by virtue of having provided it to CitiFinancial she expressly revoked it when Mary Allen told Santander to cease calling her cell phone.

28.

Mary Allen never gave Santander permission to call Plaintiffs' cell phone with a predictive dialer, or if she may be deemed to have by virtue of having provided it to CitiFinancial she expressly revoked it when she told Santander to cease calling her cell phone.

29.

Mary Allen never gave Santander permission to call Plaintiffs' cell phone with pre-recorded calls, or if she may be deemed to have by virtue of having provided it to CitiFinancial she expressly revoked it when she told Santander to cease calling her cell phone.

30.

Kenneth R. Allen was tormented by Santander until his dying day, passed from this Earth on September 23, 2011. Both Mary Allen and Kenneth R. Allen suffered indescribable diminution in quality of life, worry, anxiety, fear, mental anguish, anger, frustration and sorrow as a result of the continuing harassing telephone activity of Santander.

31.

As recently as January, 2012, Santander called Mary Allen on her cell phone and told her that they were not going to stop calling her after she burst into tears

when describing her late husband's misery to the collector and conditions surrounding the calls during the mid to later months of 2011.

32.

The volume and type of calls were/are harassing, as the intent and motive behind them is to harass Mary Allen into paying an alleged debt to Santander.

33.

Santander has also attempted to coerce and embarrass Mrs. Allen by repeatedly calling Mrs. Allen an excessive number of times with the intent to harass her.

34.

When repeatedly making a large number of harassing calls to Mrs. Allen's cell phone, Santander immediately used illegal prerecorded messages, automatic dialers, and predictive dialers in contacting Mrs. Allen on her cell phone.

35.

Mrs. Allen has never provided Santander with permission to contact her cell phone with prerecorded messages, automatic dialers or predicted dialers, or if she may be deemed to have by virtue of having provided it to CitiFinancial she expressly revoked it when she told Santander to cease calling her cell phone, and she had in fact asked Santander, and written Santander, instructing them not to

call her regarding the alleged debt and in particular she had told them not to call regarding the alleged debt on her cell phone.

36.

Santander's agents would often call at her home telephone number, after being instructed to refrain from doing the same, at times when they were fully aware that she was administering medical care to her dying husband.

37.

Because of Kenneth Allen's critical health condition, Mrs. Allen had become a full time medical care giver seeking to provide him the full and complete rest throughout the day.

38.

Santander's agents left numerous messages on Mrs. Allen's message service failing to disclose that the purpose of their communication was an attempt to collect upon the alleged debt.

39.

In summary, Mrs. Allen, and her late husband Kenneth Allen were harassed, mislead, deceived, coerced and threatened in violation of the FDCPA, TCPA, and the common laws in the state of Alabama.

## SUMMARY

40.

All of the above-described collection communications made to Plaintiffs by Santander and collection agents of Santander were made in violation of the TCPA.

41.

The above-detailed conduct by Santander of harassing Plaintiffs in an effort to collect this debt was also an invasion of Plaintiffs' privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiffs.

42.

This series of abusive collection calls by Santander and its agents caused Plaintiffs Mary Allen and Kenneth R. Allen to suffer indescribable diminution in quality of life, worry, anxiety, fear, mental anguish, anger, frustration and sorrow as a result of the continuing harassing telephone activity of Santander.

43.

Santander's repeated attempts to collect this debt from Plaintiffs and its refusal to stop violating the law were an invasion of Plaintiffs' privacy and Plaintiffs' right to be left alone.

44.

Plaintiffs have suffered actual damages as a result of these illegal collection communications by Santander in the form of indescribable diminution in quality of

life, worry, anxiety, fear, mental anguish, anger, frustration, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## (47 U.S.C. § 227)

45.

Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

46.

Santander has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal automatic dialers that have been unleashed against Plaintiffs by Santander.

47.

Santander has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal predictive dialers that have been unleashed against Plaintiffs by Santander.

48.

Santander has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiffs by Santander.

49.

There is no exception or justification for the numerous violations of the TCPA by Santander as Plaintiffs have not consented to Santander or to any original creditor to use these against Plaintiffs' cell phone and Plaintiff Mary Allen instructed Santander it had no permission to call her cell phone but the calls continued.

50.

Each call is a separate violation and entitles Plaintiffs to statutory damages against Santander in the amount of at least $500.00 per call and Plaintiffs request that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b) (3).

51.

All actions taken by Santander were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that

its actions were in reckless disregard of the TCPA.

52.

All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

(15 USC § 1692 *et. seq.*)

53.

Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

54.

Santander has repeatedly violated the FDCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal automatic dialers that have been unleashed against Plaintiffs by Santander.

55.

Santander has repeatedly violated the FDCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal predictive dialers that have been unleashed against Plaintiffs by Santander.

56.

Santander has repeatedly violated the FDCA by failing to make a meaningful disclosure of their identity.

57.

There is no exception or justification for the numerous violations of the FDCPA by Santander as Plaintiffs have not consented to Santander or to any original creditor to use these against Plaintiffs' cell phone, or if they did permission was expressly revoked and Plaintiff Mary Allen instructed Santander it had no permission to call her cell phone but the calls continued.

58.

Plaintiffs, and each of them, are entitled to statutory damages against Santander in the amount of at least $1,000.00 together with actual damages.

59.

All actions taken by Santander were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the FDCPA and/or that knew or should have known that its actions were in reckless disregard of the FDCPA and Plaintiffs are entitled to recover their costs and reasonable attorneys fees.

60.

All of the violations of the FDCPA proximately caused the injuries and damages set forth in this Complaint.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

61.

Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

62.

Santander caused telephones to ring and engaged persons in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass in violation of 15 U.S.C. §1692d (5).

63.

Santander violated 15 U.S.C. §1692d (6) by placing telephone calls without meaningful disclosure of the caller's identity.

64.

Santander violated 15 U.S.C. §1692e (2) by falsely representing the amount of debts.

65.

Santander violated 15 U.S.C. §1692e (11) by failing to make the required disclosures in the initial written communications from Santander.

66.

Santander failed to provide the notice required by 15 U.S.C. §1692g (a). Wherefore, premises considered, Plaintiffs demand judgment against Santander for statutory and compensatory damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which Plaintiffs may be entitled.

**SECOND CLAIM FOR RELIEF**

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**

67.

Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this Complaint as if fully set forth herein.

68.

Santander has violated the TCPA by the calls made to Plaintiffs. The violations include the use of automatic telephone dialing systems and artificial and prerecorded voice messages directed to Mrs. Allen's cell numbers without her express permission.

69.

Santander's actions were done willfully or knowingly.

70.

Plaintiffs are entitled to an award of statutory damages for Santander's violations of the TCPA.

71.

Each call is a separate violation and entitles Plaintiffs to statutory damages against Santander in the amount of at least Five Hundred Dollars ($500.00) per call.

72.

Because the violations by Santander were committed willfully and knowingly; Plaintiffs request that a statutory damage of One Thousand Five Hundred Dollars ($1,500.00) per call be assessed pursuant to 47 U.S.C. § 227(b)(3).

Wherefore, premises considered, Plaintiffs demand judgment against Santander for statutory and compensatory damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which Plaintiffs may be entitled.

This 24th day of May, 2012.

_____
John W. Roper
(Pro Hac Vice Forthcoming)
Attorney for Plaintiffs

The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
Georgia Bar No. 614159